IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| ZAMAR BER SWIFT, <br><br> Petitioner <br><br> v. <br><br> THE COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE, <br><br> Respondent | 1:22-CV-00240-SPB-RAL <br><br> SUSAN PARADISE BAXTER <br> United States District Judge <br><br> RICHARD A. LANZILLO <br> Chief United States Magistrate Judge <br><br> REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS <br><br> ECF NO. 4 |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the petition for habeas corpus, ECF No. 4, be denied and that no certificate of appealability issue.

II.   Report

A.   Introduction

Petitioner Zamar Ber Swift, an inmate in the custody of the Pennsylvania Department of Corrections, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 4. Petitioner is challenging the Pennsylvania Board of Probation and Parole's ("Board") recalculation of his maximum sentence date following his arrest while on parole. *Id.* Because the lone claim raised in his petition has not been exhausted and is legally frivolous, his petition should be denied.

B.   Background

On March 10, 2015, Petitioner was sentenced in state court to a term of incarceration of four to eight years. ECF No. 12-1. His maximum sentence date was calculated as March 10, 2023. *Id.*

On March 18, 2020, Petitioner was arrested and charged with additional state crimes while on parole from his 2015 conviction. *Id.* Based on his arrest, the Board issued a decision on March 17, 2021, revoking Petitioner's parole and recommitting him as a convicted parole violator. *Id.* Because the Board declined to give Petitioner credit for the time that he spent at liberty on parole, his maximum sentence date was recalculated as October 25, 2024. *Id.* Petitioner did not file an appeal from that decision.[1]

C.   Analysis

1.   Exhaustion

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement "only if [he or she] can show that [they] fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to

---

[1] The Board received a letter from Petitioner on February 7, 2022, appearing to challenge the calculation of his new maximum sentence date. Construing that correspondence as a belated petition for administrative review, the Board dismissed it as untimely because it was not received within thirty days of the mailing date of the Board's decision.

2

the federal courts … by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

An important corollary to the exhaustion requirement is the doctrine of procedural default. "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims" has deprived the state courts of an opportunity to address the merits of those claims "in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Thus, when an applicant has failed to "fairly present" his claim to the state courts, and state procedural rules now bar him from doing so, the exhaustion requirement is deemed satisfied due to the lack of available state process, but the claims "are considered to be procedurally defaulted." *McKenzie v. Tice*, 2020 WL 1330668, at *5 (M.D. Pa. Mar. 23, 2020) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). Such claims may not ordinarily be reviewed by a federal court. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule.") (citations omitted).

Apropos to the instant case, Petitioner needed to do three things to properly exhaust his claims against the Board. First, Petitioner had to file a timely petition for administrative review of the Board's March 17, 2021 decision. *See* 37 Pa. Code § 73.1. Next, he needed to appeal that decision to the Commonwealth Court of Pennsylvania in a timely manner. *See* 42 Pa. C.S. § 763(a). Finally, he needed to file a petition for allowance of appeal with the Pennsylvania Supreme Court within thirty days of the Commonwealth Court's decision. Pa. R.A.P. 1114. *See also Williams v. Wynder*, 232 Fed. Appx. 177, 179-80 (3d Cir. 2007) (holding that a party challenging the Board's parole revocation decision is "required to exhaust his available state remedies by filing

a petition for allowance of appeal in the Pennsylvania Supreme Court"). The record reflects that Petitioner did not complete any of these steps. As such, Petitioner' challenge to the Board's parole revocation decision and calculation of his maximum sentence is procedurally defaulted and cannot be reviewed in this Court. *See, e.g., Williams*, 232 Fed. Appx. at 181 ("Mr. Williams . . . is time-barred under state law from seeking allocator to the Pennsylvania Supreme Court, and his failure to seek allocator is an adequate and independent state ground barring federal review of his claims."); *Johnson v. Pa. Bd. of Prob. & Parole*, 2020 WL 4925682, at * (W.D. Pa. Aug. 21, 2020) (finding procedural default where parole violator failed to properly exhaust his challenge to the Board's recalculation of his maximum sentence by filing a petition for allowance of appeal to the Pennsylvania Supreme Court).

    2. Merits

Even if Petitioner's claim had been properly exhausted, it is legally frivolous. Petitioner's sole claim for relief challenges the Board's authority to recalculate his maximum sentence after he was recommitted as a convicted parole violator. Relying on boilerplate language appearing in dozens of identical petitions filed in this Court in recent years, Petitioner claims that the Board's statutorily delegated right to extend a parolee's maximum sentence under 61 Pa. C.S. § 6138(a)(2)[2] somehow conflicts with the Pennsylvania judiciary's constitutionally established power to impose a criminal sentence under Article 5, section 1 of the Pennsylvania Constitution. *See* ECF No. 3 at 4. By recalculating his maximum sentence to reflect that he was not awarded credit towards his original sentence for time spent at liberty while on parole, Petitioner maintains that "the Board's

---

[2] This statute states that for convicted parole violators whose parole has been revoked, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided . . . , shall be given no credit for the time at liberty on parole." Pa. C.S.A. § 6138(a)(2).

4

recalculation; moving of judicially imposed max dates are a violation of the principle of separation of power doctrine." ECF No. 4 at p. 4. Petitioner appears to equate the denial of credit for time served on parole to an unlawful increase of his judicially mandated sentence.

This precise claim has been uniformly rejected by courts in this Circuit. It is axiomatic that a federal court cannot entertain a habeas petition on any ground other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Alleged violations of state law do not fall within the scope of § 2254(a) and, accordingly, are not cognizable in a federal habeas action. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Reinert v. Larkins*, 379 F.3d 76, 94 n.4 (3d Cir. 2004) ("[W]e, as a federal court sitting in habeas jurisdiction, would not have the authority to review a violation of the state constitution."). Petitioner's challenge to the Board's statutory authority to recalculate his maximum sentence under Pennsylvania law falls squarely into this category.[3] *See, e.g., Crosby v. Pennsylvania Board of Probation and Parole*, 2024 WL 2941539, at *2 (W.D. Pa. June 11, 2024) (argument that an inmate's maximum sentence date cannot be recalculated by the Board under state law is not cognizable under § 2254); *Coker v. Mason*, 2021 WL 1853387 (E.D. Pa. May 10, 2021) ("[A] habeas petition is not an appropriate vehicle to challenge the reasonableness of a state court's application of state law."). *See also U.S. ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir. 1966) (holding that the Circuit was "in complete accord" with the district court's determination

---

[3] Even if Petitioner's claim was cognizable, the Pennsylvania Supreme Court explicitly rejected it several decades ago in *Young v. Com. Bd. of Prob. and Parole*, 409 A.2d 843 (Pa. 1979). In *Young*, the court explained that the Board's recalculation of a parole violator's maximum sentence is not a modification of his judicially imposed sentence, but rather a requirement that he serve his entire original sentence. As such, the Board's power to deny credit for "street time" is "not an encroachment upon the judicial sentencing power." *Id.* at 848. Pennsylvania courts have repeatedly cited to and relied on *Young* to deny identical challenges brought by convicted parole violators. *See Crosby*, 2024 WL 2941539, at *2 (citing *Edmondson v. Pennsylvania Parole Bd.*, 2022 WL 2713204, at *2 (Pa. Commw. Ct. July 13, 2022) ("It is well settled that the Parole Board does not violate the separation of powers doctrine when it recalculates a [convicted parole violator's] maximum sentence date.")).

5

that "[n]o constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum.") (citing *U.S. ex rel. Heacock v. Myers*, 251 F.Supp. 773 (E.D. Pa. 1966)).

III.    Conclusion

For each of these reasons, the Court concludes that Petitioner's claim is non-cognizable, procedurally defaulted, and legally meritless. His petition for writ of habeas corpus should be denied, with prejudice, and this action should be dismissed.

IV.    Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Accordingly, no certificate of appealability should issue.

V.   Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 3rd day of March, 2025.

SUBMITTED BY:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE